# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

**DENISHA DAVIS**                                                                                           **PLAINTIFF**

**V.**                                                                 **CAUSE NO. 3:21-CV-513-CWR-FKB**

**MISSISSIPPI DEPARTMENT OF CHILD**                          **DEFENDANT**
**PROTECTIVE SERVICES**

## ORDER

Before the Court is the plaintiff Denisha Davis's motion to strike the defendant's answer in part and deem certain facts admitted. Docket No. 13. The matter is fully briefed and ready for adjudication.

The following factual and procedural history comes from the complaint, amended complaint, answer, amended answer, and briefing on the present motion to strike. This is an employment discrimination case. The plaintiff, an African-American woman named Denisha Davis, alleges that the defendant, Mississippi Department of Child Protective Services (MDCPS), discriminated against Davis on the basis of her race in violation of Title VII. Davis alleges that this discrimination took the form of denying her a promotion for which she was the most qualified candidate; retaliating against Davis for previously filing a charge with the Equal Employment Opportunity Commission (EEOC); and ultimately, terminating Davis's employment.

On November 29, 2021, Davis filed her motion to strike the defendant's answer in part and deem certain facts admitted. Docket No. 13. MDCPS filed a response in opposition on December 3, 2021 [Docket No. 17], to which the plaintiff replied on December 17, 2021 [Docket No. 21].[1]

---

[1] On December 10, 2021, the plaintiff filed an unopposed motion for extension of time to file a reply to the defendant's response. Docket No. 19. In ruling on the present motion to strike, the Court will consider the plaintiff's reply filed on December 17, 2021, thereby mooting the motion.

The plaintiff requests that the Court find that the defendant engaged in bad faith denials "in paragraphs 21, 24, 41, 48, 50, 52, 58, 91, 92, and 117 of Defendant's answer," and deem these assertions admitted under Federal Rule of Civil Procedure 8(b)(4). Docket No. 14 at 2. Alternatively, if the Court finds that the defendant's responses did not amount to bad faith, then the plaintiff argues that "the Court should strike the denials through Rule 12(f) [of the Federal Rules of Civil Procedure] and order Defendant to respond to Plaintiff's complaint." *Id.* at 5. In a similar vein, the plaintiff urges the Court to "enter a judgment on the pleadings in Plaintiff's favor on these defenses as allowed by Rule 12(c)" of the Federal Rules of Civil Procedure. *Id.* at 8.

MDCPS urges the Court to deny the plaintiff's motion in full. At base, MDCPS's argument boils down to contending that its answers to the plaintiff's allegations were well-pled. In its response to the plaintiff's motion to strike, MDCPS proceeds, paragraph-by-contested-paragraph, to identify the claims it denies. *See* Docket No. 18 at 5-6. For instance, MDCPS advises that "regarding the allegations contained in ¶ 117 of the First Amended Complaint—this paragraph was actually admitted in the Amended Answer and bears no further discussion." *Id.* at 6. It also implies that the motion is premature. Specifically, the defendant advises that the parties convened for a case management conference before the Magistrate Judge on November 23, 2021. *Id.* at 7. The parties then exchanged initial disclosures pursuant to the Case Management Order on December 2, 2021, just one day before the defendant filed its response in opposition to the plaintiff's motion to strike. *Id.* Characterizing the plaintiff's motion as "gamesmanship," MDCPS contends that Davis "raises issues that are either non-existent and/or utterly premature." *Id.* at 7.

The Court considers each line of argument in turn.

Start with the motion to deem certain facts as admitted. Federal Rule of Civil Procedure 8(b) governs admissions and denials offered in defense of a complaint. In interpreting pleadings,

2

Rule 8(e) provides that "[p]leadings must be construed so as to do justice." Fed. R. Civ. P. 8(e). Moreover, in interpreting Rule 8(d), the Fifth Circuit held that "[c]ourts have applied Rule 8(d) in order to avoid unfair surprise by a party who failed to file a responsive pleading." *Trotter v. Jackson Anderson Enterprises, Inc.*, 818 F.2d 431, 436 (5th Cir. 1987). The touchstone of the analysis under Federal Rule of Civil Procedure 8 is that the rule exists "to ensure that pleadings would facilitate a decision on the merits." *Id.*

Upon review, the defendant's contested responses meet the pleading standard. The concerns expressed by the plaintiff as to the defendant's responsive pleadings do not raise the possibility of "unfair surprise." *Id.* Discovery will enable the parties to refine their arguments. Deeming the defendant's responsive pleadings singled out by the plaintiff as admitted facts is therefore inappropriate.

Onto the motion to strike. Federal Rule of Civil Procedure 12(f) states that: "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "Striking an affirmative defense is warranted if it cannot, as a matter of law, succeed under any circumstances." *United States v. Renda*, 709 F.3d 472, 479 (5th Cir. 2013). Yet, "when there is no showing of prejudicial harm to the moving party, the courts generally are not willing to determine disputed and substantial questions of law upon a motion to strike." *Augustus v. Board of Pub. Instruction of Escambia County, Fla.*, 306 F.2d 862, 868 (5th Cir. 1962). "Under such circumstances, the court may properly," the Fifth Circuit has counseled, "defer action on the motion and leave the sufficiency of the allegations for determination on the merits." *Id.*

The facts here weigh in favor of such deferred action. Although the plaintiff claims that refraining from granting the motion to strike will prejudice her by forcing her to expend time and

resources investigating these defenses during discovery, this contention overstates the potential burdens on the plaintiff. Put another way, the record does not indicate that refusing to strike the challenged defenses will result in "prejudicial harm" to Davis. The Court will therefore deny the motion to strike.

The plaintiff's motion to strike [Docket No. 13] is denied. Accordingly, the parties shall continue to meet the deadlines set in the Magistrate Judge's November 23, 2021 Order. Docket No. 12. If, after discovery, either party seeks to dismiss a claim or affirmative defense raised by the other, then they may pursue such arguments in a motion for summary judgment.

**SO ORDERED**, this the 9th day of May, 2022.

s/ Carlton W. Reeves  
UNITED STATES DISTRICT JUDGE